### HUNTER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. March 27, 1920. Rehearing Denied April 10, 1920.)

No. 3451.

1. **Intoxicating liquors** ☞233(2)—**Evidence of possession competent on trial for carrying on business.**

On a trial for illegally carrying on the business of retail liquor dealer, where witnesses had testified that they bought liquor from defendant, and that on other occasions defendant told them he had whisky for sale, if they wanted any, evidence of defendant's possession of whisky at a time prior to such sales was competent.

2. **Criminal law** ☞730(13)—**Where counsel's argument not sustained by evidence, court should stop him and instruct jury to disregard.**

Where, on a trial for illegally carrying on the business of retail liquor dealer, there was no evidence of defendant's arrest for having liquor in his possession, as stated by the prosecuting attorney in his argument, the court should have stopped him and instructed the jury not to consider such remark.

3. **Criminal law** ☞1171(1)—**Improper remarks not ground for reversal, unless prejudicial.**

A conviction will not be reversed, because of the failure of the court to stop the prosecuting attorney and instruct the jury not to consider remarks not sustained by the evidence, unless it be reasonably apparent that defendant was damaged or prejudiced by such remarks.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Criminal law ⊚⟹730 (13)—Remark of counsel, not sustained by evidence, held not prejudicial, in view of instructions.**

On a trial for illegally carrying on the business of retail liquor dealer, the remark of the prosecuting attorney in his argument that defendant was arrested for having liquor in his possession was not ground for reversal, though there was no evidence of such arrest, where there was evidence of the fact of possession, and on objection the court told the jury that they should judge as to what the evidence showed.

**5. Criminal law ⊚⟹1134 (4)—Denial of new trial not reviewable.**

The overruling of a motion for a new trial in a criminal case cannot be reviewed.

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Will Hunter, alias Will Turner, was convicted of an offense, and he brings error. Affirmed.

J. H. Mize, of Gulfport, Miss., for plaintiff in error.

Julian P. Alexander, U. S. Atty., of Jackson, Miss. (H. McK. Fulgham, Asst. U. S. Atty., of Jackson, Miss., on the brief), for the United States.

Before WALKER, Circuit Judge, and CALL and HUTCHESON, District Judges.

CALL, District Judge. This case was tried in the Southern district of Mississippi upon an indictment returned February 21, 1919, containing two counts. The first count charges the plaintiff in error with carrying on the business of a retail liquor dealer on the 17th day of February, 1919, without having paid the special tax required by law. The second count charges that the plaintiff in error on the same date did carry on the business of a retail liquor dealer, and through negligence fail to place and keep conspicuously in his place of business the stamp denoting the payment of the special tax imposed by law upon retail liquor dealers.

A plea of not guilty was entered to this indictment, a trial had, and a verdict of guilty as charged rendered, upon which verdict said plaintiff in error was by the court sentenced to serve a year and a day in the Atlanta penitentiary from the date of his delivery, and to pay the costs of the prosecution. A motion for a new trial was made and denied. The plaintiff in error seeks the reversal of this judgment by this proceeding, and assigns five errors.

[1] The first two errors assigned are based upon the testimony given by a witness that upon two occasions he had seen the plaintiff in error and another in possession of a quantity of whisky—once in August, 1918, and again in January, 1919. The objection shown in the bill of exceptions to testimony of the witness as to each of the occasions was that the evidence of the possession of whisky, with no other action shown to indicate intention to sell, was incompetent. This objection was properly overruled.

Two witnesses had previously testified that in January, 1919, they had bought liquor from the plaintiff in error, and that on several

occasions the witnesses had been told by plaintiff in error that he had whisky for sale, if they wanted any. Certainly, under this state of the testimony, the possession of whisky at a time prior to the sales was competent to go to the jury on the issue of whether or not the plaintiff in error was engaged in the business of a retail liquor dealer. In fact, it seems to us that such testimony was not only competent, but very pertinent, for the jury to consider on the issues of the trial.

[2-4] In the argument of the case by the counsel for the government, he stated "that, when defendant was arrested for having this liquor at De Buys by Marshal Loposser," objection was interposed to the use of such language, because there had been no testimony that defendant had been arrested for having liquor in his possession. This objection was overruled by the court, he saying that the jury would be the judge of disagreement between counsel as to what the evidence showed, and the defendant noted his exception. This is assigned as error in the third assignment.

The entire evidence is brought here by bill of exceptions, and it does not show that the defendant had been arrested for having liquor in his possession, and under those circumstances the court should have stopped the prosecuting attorney and instructed the jury not to consider such remarks in arriving at a verdict. The prosecuting attorney should be careful not to travel outside of the testimony in presenting the case to the jury, but before an appellate court would be justified in reversing a case on the ground of the action of the court on objection to remarks of counsel it must be reasonably apparent that the defendant suffered damage or was prejudiced by such remarks. In this case the pertinent fact of possession of the whisky had been testified to, and was before the jury for its consideration. Certainly whether or not he had been arrested for having it would be entirely immaterial, and could not have affected the finding of the jury to any extent. And, again, the trial judge did not attempt to say whether any such evidence was given, but left it to the jury to say whether there was such evidence. We find no reversible error on this assignment.

The fourth assignment, that the evidence was not sufficient to sustain the verdict of guilty, is not, in our judgment, well taken. Taking the entire evidence contained in the bill of exceptions, if the jury believed the testimony of the witnesses for the government, there is ample to sustain that verdict.

[5] The fifth ground assigned is the overruling of the motion for a new trial. This action of the court cannot be reviewed by the appellate court.

Finding no reversible error in the record, the judgment is affirmed.